IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHN EDWARD GARRETT )<br>_____ ) | CR No.: 3:07-1394-JFA<br><br>MEMORANDUM<br>OPINION AND ORDER |

The defendant, John Edward Garrett, was charged in a multi-count Indictment with controlled substances, firearms, and robbery offenses. He was sentenced to a custodial term of 366 months. The defendant then returned to this court on two occasions seeking a reduction of his sentence, and the court obliged each time. First, the court reduced the defendant's sentence from 336 months down to 300 months pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the U.S. Sentencing Guidelines (U.S.S.G.) (ECF No. 199). This court further reduced the defendant's sentence from 300 months down to 228 months based upon the provisions § 404(b) of the First Step Act of 2018 (ECF No. 211). Taken together, these two reductions resulted in a 48 percent decrease in the defendant's original sentence.

Unsatisfied with the extent of his above referenced sentencing reductions, the defendant returns to this court with two motions to reconsider and a new motion to reduce his sentence under Amendment 782. For the reasons which follow, these motions are denied.

1

FACTUAL AND PROCEDURAL HISTORY

On January 15, 2008, a federal grand jury sitting in the District of South Carolina returned a Superseding Indictment against the defendant and others. The defendant was charged in Counts 1, 2, 4, 5, and 7. Count 1 charged the defendant with conspiring to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Count 2 charged the defendant with attempting to possess with intent to distribute 500 grams or more of cocaine within 1000 feet of a playground, and aiding and abetting, in violation of 21 U.S.C. §§ 846, 860, and 18 U.S.C. § 2. Count 4 charged the defendant with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Count 5 charged the defendant with Hobbs Act Robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 1951, 2. Count 7 charged the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). Counts 2, 4, 5, and 7 all alleged that the charged crimes took place on or about September 20, 2007.

Following extensive pretrial negotiations, the defendant ultimately agreed to plead guilty in open court to Counts 1, 2, 4, 5, and 7 of the Superseding Indictment. At a sentencing hearing conducted on July 30, 2009, this court imposed a custodial sentence of 336 months imprisonment, consisting of 276 months on Counts 1, 2, and 5, and 120 months as to Count 7, all these terms to run concurrently, plus 60 months as to Count 4, to run

consecutive to the other sentences.

This defendant's total sentence was based upon a Presentence Report (PSR) that counted the defendant's adjusted offense level as 32 on Count 1, 34 on Count 2, 23 on Count 5, and 32 on Count 7. The total offense level for these counts was 34. The PSR then calculated the defendant's criminal history category as VI. Based upon an offense level of 34 and a criminal history category of VI, the advisory Guideline range was 262 to 327 months incarceration on Counts 1, 2, 5, and 7. As to Count 4, the statutory mandatory minimum sentence was 60 months which had to run consecutive to the other terms. In addition, there were mandatory minimum sentences provided by statute of 20 years on Count 1 and 10 years on Count 2. This was based in part, upon the defendant's 2006 South Carolina conviction of possession of crack cocaine.

At sentencing, this court followed its standard practice of according the defendant a variance to account for powder cocaine and crack cocaine on an equivalent 1:1 ratio, rather than the 18:1 ratio then called for by the Guidelines. This resulted in a 2-level reduction in the total offense level. Thereafter, the court departed upward 2 levels based upon the court's determination that the defendant's criminal history category of VI was under represented and inadequate because the defendant had 10 prior convictions which did not receive points. The 2-level variance due to the crack-powder cocaine disparity, coupled with the 2-level upward departure, returned the defendant's total offense level to 34. The court thus sentenced the defendant with the resulting Guideline range to a total of 336 months, as outline above.

Following an unsuccessful direct appeal to the Fourth Circuit Court of Appeals, the defendant returned to this court in November 2015 with a motion to reduce his sentence under 18 U.S.C. § 3582 pursuant to Amendment 782 of the Guidelines (ECF No. 198). The court granted the defendant's motion and lowered his offense level by two levels, reducing his sentence from 336 months to 300 months total incarceration (down to 240 months on Counts 1, 2, and 5, plus 120 months on Count 7, concurrent, plus 60 months as to Count 4, consecutive to the remaining sentence).

In April 2019, the defendant filed a *pro se* motion (ECF No. 208) to reduce his sentence pursuant to § 404(b) of the First Step Act of 2018.[1] On behalf of the defendant, the Federal Public Defender filed a supplementary motion (ECF No. 210) to reduce the defendant's sentence under the First Step Act. The court granted these motions and reduced the defendant's sentence to 228 months (168 months on Counts, 1, 2, and 5, and 120 months on Count 7, concurrent, plus 60 months as to Count 4, to run consecutive).

Rather than take a direct appeal of these reductions by the court, the defendant has returned to this court, filing two motions to reconsider this court's earlier grants of sentence reductions, and a new, but successive § 3582 motion pursuant to Amendment 782 of the Sentencing Guidelines.

---

[1] Section 404(b) of the First Step Act of 2018 ("First Step Act"), Pub. L. No.115-391, 132 Stat. 5194, 5222 (enacted Dec. 21, 2018), which extends the benefit of Sections 2 and 3 of the Fair Sentencing Act of 2010 to defendants who were sentenced *before* August 3, 2010.

DISCUSSION

*§ 3582 Motion under Amendment 782 (ECF No. 215, filed 5/20/20)*

In this motion, the defendant asks the court to apply Amendment 782 so that his sentence is now based on a level 28, criminal history category VI, for a sentence of 140 months. This court has already applied Amendment 782 to the defendant's sentence in its December 29, 2015 (ECF No. 199) order reducing the defendant's sentence.

Section 3582(c) gives a district court one—and only one—opportunity to apply the retroactive Amendments and modify a defendant's sentence. *See United States v. Hayes*, 2015 WL 7274007, at *1 (D.S.C., Nov. 16, 2015), quoting *United States v. Mann*, 435 F.App'x 254, 255 (4th Cir. 2011). *See also United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). Accordingly, this court is without jurisdiction to consider the requested relief and the motion is dismissed.

*Defendant's Motions to Reconsider*

Both of the defendant's motions to reconsider this court's orders are predicated upon Fed. R. Civ. P. 60(b) which provides that on motion and just terms, a court may provide relief from a final judgment or order for a limited number of reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud . . ., misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

5

  (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

  Neither of the two motions to reconsider raise any allegation enumerated in Rule 60(b) to justify reconsideration of this court's earlier decision to reduce the defendant's sentence.

*First Motion to Reconsider (ECF No. 213, filed 1/23/20)*

  In his first motion to reconsider, the defendant argues that his 2000 state conviction for possession of crack cocaine, second offense, does not qualify as a serious drug felony under the First Step Act. He appears to rely on § 401 of the First Step Act which changed both the level of predicate felonies required for statutory sentencing enhancements under 21 U.S.C. §§ 841(b)(1)(A) and (B), and the penalties to which such predicates subject a defendant. However, these changes apply only to cases where the offenses were committed prior to the enactment of the First Step Act, but a sentence has not yet been imposed as of the date of the First Step Act.

  The First Step Act was enacted on December 21, 2018. The defendant was sentenced more than nine years earlier on August 3, 2009. Section 401 of the First Step Act thus does not apply to the defendant and he is therefore unable to show that this court's judgment is void or that equity or some other reason requires a further sentence reduction.

6

Finally, even if the defendant were allowed to avail himself of the non-retroactive provision regarding sentence enhancements, the court would exercise its discretion not to apply that provision in the defendant's case. As indicated above, the defendant pleaded guilty to substantial and serious drugs, firearms, and robbery offenses in this District. His criminal history category was VI and numerous prior criminal offenses did not register points in his criminal history category computation. The court is satisfied that the reductions previously provided are appropriate in this case and, to the extent the First Step Act could be construed in some way to provide potential relief to the defendant, this court would exercise its discretion to deny further relief based upon the seriousness of the offense and the history and characteristics of the defendant.

*Second Motion to Reconsider (ECF No. 214, filed 5/20/20)*

In his second motion to reconsider the court's October 11, 2019 order (which granted a 2-level departure under Amendment 782) (ECF No. 211), the defendant argues that the court's use of the "old" law on the date of the original sentencing violates due process and that now he should be resentenced under the current law considering the § 3553 factors.

The defendant also argues, in essence, that his firearm conviction in furtherance of drug trafficking, charged in Count 4, is void because it relies upon his plea to "attempt to possess with intent to distribute cocaine near a playground" as alleged in Count 2. But, he contends that he pleaded guilty in Count 2 only to a cocaine base offense, not cocaine powder. In support of his argument, he points to the transcript of the prosecutor's argument

7

to this court at sentencing where the prosecution indicated that 50 grams or more of crack cocaine were reasonably foreseeable to the defendant. This reference, however, was relevant to the elements of Count 1. Count 2 is plainly a cocaine powder offense which amply supports the firearm charge in Count 4.

## CONCLUSION

The court has carefully reviewed the defendant's motions, the parties' briefs, the record in this case, and the applicable law. For all the foregoing reasons, the defendant's motions (ECF Nos. 213, 214, 215) are denied.

In addition, the defendant has filed a motion for judgment on the pleadings (ECF No. 230). He argues that the government did not respond to this court's docket text order ECF No. 227. A review of the record reveals that the government did, in fact, file a response in opposition by the September 10, 2020 deadline established by this court in its docket text order. This motion is denied as well.

IT IS SO ORDERED.

August 2, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge